SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christopher Lamar Cleveland, | ) | No. CV 12-2133-PHX-DGC (SPL) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Paul R. Babeu, et al., | ) | |
| Respondents. | ) | |

Petitioner Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Petition and this action.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.     Petition**

On October 9, 2012, Petitioner filed his Petition seeking pretrial habeas relief in connection with pending charges in Pinal County Superior Court, case# CR2012-00144, in which he is charged with being a sex offender who failed to file a notice of change of address

1    or name change.[1]  Petitioner asserts that,

2        The State of Arizona has been using a false entry on Petitioner's criminal
3        history file to pass off as a conviction in another state.  Since 2001, the
         Petitioner has been wrongfully required to register based on a Santa Monica
4        Superior Court ruling in California.  Santa Monica has no superior court
         divisions.  Therefore this entry is a fictional entry to a federal court."He names
5        Pinal County Sheriff Paul R. Babeu, the Arizona Attorney General, Governor
         Jan Brewer, and the Pinal County Superior Court as Respondents.

6    (Doc. 1 at 4.)  In essence, Petitioner disputes that he is validly required to register as a sex

7    offender pursuant to A.R.S. § 13-3824.

8        Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254, but he seeks relief

9    as to his pending state criminal proceedings.  Under § 2254, a court "shall entertain an

10   application for a writ of habeas corpus in behalf of a person in custody pursuant to *the*

11   *judgment* of a State court only on the ground that he is in custody in violation of the

12   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

13   Petitioner does not allege, nor does it appear, that he is challenging a state court conviction

14   or sentence.   Instead, he is seeking relief as to pending state criminal proceedings.

15   Accordingly, to the extent that Petitioner seeks relief pursuant to § 2254, his Petition will be

16   denied as premature.

17       A petitioner may seek federal habeas relief as to pending state criminal proceedings

18   under 28 U.S.C. § 2241.   Section 2241(c)(3) provides that "the writ of habeas corpus

19   [extends to persons who are] ... in custody in violation of the Constitution or laws or treaties

20   of the United States ...."  See McNeeley v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003);

21   Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980) ("district court had jurisdiction,

22   under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus").   However, the

23   abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal

24   court in most circumstances from directly interceding in ongoing state criminal proceedings.

25

26

27   [1]  See http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx  (last visited Nov.
     21, 2012).  On December 19, 2011, Maricopa County Superior Court issued a bench warrant
28   for Plaintiff's arrest after he failed to appear.   See http://www.courtminutes.maricopa.
     gov/docs/Criminal/122011/m5030335.pdf (last visited Nov. 21, 2012).

1    The <u>Younger</u> abstention doctrine also applies while a case works its way through the state

2    appellate process, if a prisoner is convicted. <u>New Orleans Pub. Serv., Inc. v. Council of City</u>

3    <u>of New Orleans</u>, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will

4    the <u>Younger</u> doctrine not bar federal interference with ongoing (non-final) state criminal

5    proceedings. Such circumstances include when a prisoner alleges that he is being subjected

6    to double jeopardy. <u>See</u> <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy

7    trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to

8    trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his

9    state court remedies. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489-

10   90 (1973); <u>see</u> <u>In re Justices of Superior Court Dep't of Mass. Trial Court</u>, 218 F.3d 11, 18

11   & n.5 (1st Cir. 2000).

12       Petitioner is attempting to challenge his arrest and detention. Petitioner has not

13   alleged any ground that falls within the very limited circumstances in which a federal court

14   may intercede in ongoing state criminal proceedings under the <u>Younger</u> doctrine. He does

15   not assert a violation of the Fifth Amendment's Double Jeopardy Clause, or facts to support

16   such violation, nor does he allege that his speedy trial rights have been violated. Thus,

17   Petitioner has not asserted a basis for a federal court to interfere in state criminal

18   proceedings. Because Petitioner's grounds for relief do not fall within the very limited

19   circumstances in which a federal court may intercede in ongoing state criminal proceedings

20   under the <u>Younger</u> doctrine, the Petition and this action will be dismissed to the extent that

21   he seeks relief under § 2241 pursuant to the <u>Younger</u> abstention doctrine.

22       **IT IS ORDERED:**

23       (1)    Petitioner's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

24       (2)    The Petition and this action are dismissed without prejudice. (Doc. 1.)

25

26

27

28

(3)     The Clerk must enter judgment accordingly.

DATED this 26th day of November, 2012.

_____

David G. Campbell
United States District Judge